NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1–43, <br><br> Defendants. | Civ. Action No. 12-3908 <br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**Introduction**

Plaintiff Patrick Collins, Inc. ("PCI") is a California corporation that holds the copyright to the film *Best New Starlets 2012* (the "Film"). (Compl. ¶¶ 1, 11.) PCI hired a firm to investigate suspected copyright infringement on the internet. (*Id.* ¶ 36.) The investigation revealed that 43 unique Internet Protocol ("IP") addresses, which were traced to physical locations in this district, had unlawfully downloaded the Film. (*Id.* ¶¶ 38–40, Ex. A.) PCI filed this complaint alleging claims for direct and contributory copyright infringement against each of the owners of those IP addresses, whose identities are unknown and who have been styled as

1

John Doe defendants.[1] PCI obtained leave from Magistrate Judge Shwartz to subpoena various internet service providers ("ISPs") in order to learn these defendants' identities. [D.E. 8.]

Presently before the Court are certain defendants' motions to sever for improper joinder, to quash the subpoenas issued to the ISPs, and to proceed anonymously. [D.E. 11, 13, 14]. For the reasons explained below, the Court will dismiss without prejudice the claims against all defendants other than John Doe # 1 and will quash the subpoenas issued to the ISPs for all defendants other than John Doe # 1. John Doe # 1 has not yet made an appearance in this action or requested to proceed anonymously; the other requests to proceed anonymously are now moot.

**Background**

According to the complaint, BitTorrent is a computer software program that facilitates peer-to-peer file sharing. (Compl. ¶¶ 14, 17.) The program enables a user to find an original file (an "initial seed"), such as the Film, and divide it into hundreds or thousands of smaller pieces, each of which is assigned a unique alphanumeric identifier known as a "hash." (*Id.* ¶¶ 20–21.) Once the software deconstructs the initial seed, it "causes the initial seed's computer to send different pieces [via the internet] . . . to . . . peers seeking to download the computer file." (*Id.* ¶ 30.) These peers, all of whom also have the BitTorrent software, in turn make those pieces available to other peers, which results in a group exchange of uploading and downloading different pieces, known as a "swarm." (*Id.* ¶¶ 31–32.) The swarm enables the constituent members to trade with multiple peers simultaneously at high rates of speed. (*Id.* ¶ 15.) Once a peer has all of the pieces of the initial seed, the software then reassembles them to enable viewing. (*Id.* ¶ 35.)

---

[1] Since filing the complaint, PCI has voluntarily dismissed John Does # 2, 5, 6, 14, 20–26, and 35–37. [D.E. 9, 15, 19, 20, 29, 30, 31.]

PCI alleges that each defendant possessed a copyrighted piece of the Film that had the same hash identifier, and, "[t]herefore, each Defendant was part of the same series of transactions." (*Id.* ¶ 39.) The defendants that have responded to the complaint have all moved to sever for improper joinder.

**Analysis**

Rule 20 of the Federal Rules of Civil Procedure sets forth two necessary conditions that must be satisfied for a plaintiff to permissively join multiple defendants in one action: first, the claims asserted against each of them must arise out of "the same transaction, occurrence, or series of transactions or occurrences," and, second, there must be a question of law or fact that is common to all. Fed. R. Civ. P. 20(a)(2). Even when joinder is permissible, however, the Court may exercise its discretion and sever or drop defendants if it concludes that doing so would further the interests of judicial economy and that no party would be prejudiced. *See* Fed. R. Civ. P. 20(b), 21, 42(b); *see also Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Penn., Inc.*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999) (Brotman, J.) ("The decision to sever a claim or to try it separately is left to the discretion of the trial court."); *7 Fed. Prac. & Proc. Civ.* § 1653 ("The court always has discretion under Rule 20(b) to sever those parties whose claims may be tried more conveniently in separate actions or whose continued presence might be prejudicial to other litigants.").

District courts around the country have written opinions in support of and against the use of joinder in circumstances analogous to the ones present here. For example, in *Patrick Collins, Inc. v. John Does 1–21*, 282 F.R.D. 161, 167 (E.D. Mich. 2012), *report and recommendation adopted*, 11-15232, 2012 WL 4498373 (E.D. Mich. Sept. 28, 2012), the court held that joinder of 21 defendants was proper because "Defendants networked with . . . each other and/or with other

peers through a series of transactions in the same swarm to infringe on Plaintiff's copyright." *See also Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012) ("[I]t is difficult to see how . . . a series of individuals connecting either directly with each other or as part of a chain or 'swarm' of connectivity designed to illegally copy and share the exact same copyrighted file—could *not* constitute a 'series of transactions or occurrences' for purposes of Rule 20(a)."). Other courts, however, have held that a complaint must allege some additional connection among the defendants for joinder to be proper, deeming allegations that they possessed the same software and piece of a copyrighted work are insufficient. In *Hard Drive Productions, Inc. v. Does 1–188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011), the court explained:

> Does 1–188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. Under the BitTorrent Protocol, it is not necessary that each of the Does 1–188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1–188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm.* The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*See also*, *Amselfilm Prods. GMBH & Co. KG v. Swarm BB012 et al.*, 12-3864, Order at 3 n.3 (D.N.J. Oct. 10, 2012) (Hochberg, J.), ECF No. 29 ("Without more connecting them, 997 defendants who have distributed pieces of the work at different times cannot be permissively joined in this case. . . . Plaintiff must show a more definite connection between participants in the swarm, namely that the group of defendants sought to be joined have directly participated in the same transaction.").

There is an additional line of cases taking a different approach that the Court finds better suited to this litigation, in which the defendants will likely raise different defenses, and where the

4

sheer number of defendants poses significant case-management burdens.  Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Thus, in *Next Phase Distribution, Inc. v. John Does 1–27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012), involving similar allegations against a group of unknown defendants, the district court recognized "that the goal of joinder is to allow for the expeditious and convenient resolution of similar disputes," but concluded that "such a result [would] not be achieved . . . by joining John Does 2–27."  The court thus exercised its discretion and severed, *sua sponte*, John Does 2–27, observing "it is very likely that each John Doe will assert different defenses, thereby adding factual and legal questions that are not common among all the defendants. . . .  Moreover, joining 27 individual defendants would raise several procedural and logistical issues."  *Id.* at 169–70.

The court in *SBO Pictures, Inc. v. Does 1–20*, 12 CIV. 3925 SAS, 2012 WL 2304253, at *2 (S.D.N.Y. June 18, 2012), took the same approach; it explained that "[j]oinder is *permissive*—a pragmatic tool meant to help courts and parties conduct litigation in a way that is efficient, practical, and fair . . . .  Joinder should be used when it is convenient and enhances the efficiency of litigation but it need not be used when it is unhelpful."  The court denied plaintiff's motion to reconsider its *sua sponte* order to sever all defendants other than the first Doe defendant:

> As a practical matter . . .  there are very few facts connecting these Does.  Each Doe who denies the allegations is likely to assert entirely independent factual defenses.  The disputed facts will not be the ones common to all cases (*i.e.,* that SBO owns a copyright and that an infringing file was shared in a BitTorrent swarm) but rather the ones that are unique to each case (*i.e.,* whether each individual Doe unlawfully shared the file).

5

*SBO Pictures*, 2012 WL 2304253, at *2. Other courts have done likewise. *See, e.g., Third Degree Films v. Does 1–72*, 12-10760-FDS, 2012 WL 5464177, at *5 (D. Mass. Nov. 5, 2012) ("[T]he Court finds that the interests of justice and judicial economy would best be served if this matter were dismissed as to all defendants but one[.]"); *Media Prods., Inc. v. John Does 1–26*, 12 CIV. 3719 HB, 2012 WL 3866492, at *2 (S.D.N.Y. Sept. 4, 2012) (exercising discretion to dismiss all defendants other than John Doe 1 in a BitTorrent infringement case in part because the "defenses already asserted . . . vary greatly and turn on different factual and legal questions").

Here, PCI sued 43 John Doe defendants and 29 remain. The Court finds persuasive the approach and reasoning employed by the *SBO* and *Next Phase* courts. In order to promote case-management efficiency, judicial economy, and fairness, the all defendants other than John Doe # 1 will be severed and dismissed without prejudice.

John Doe # 1 has not filed a motion to quash the subpoena issued to his ISP or to proceed anonymously. The subpoenas issued to the other defendants' ISPs will be quashed because they are no longer parties to this action, and the pending requests to proceed anonymously are denied as moot.

**Conclusion**

For the reasons expressed above, all defendants other than John Doe # 1 are severed and dismissed without prejudice, and the subpoenas issued to all defendants' ISPs other than John Doe # 1's are quashed. The motions of John Does # 8 and 28 to proceed anonymously [D.E. 13, 14] are denied as moot.

February, 15 2013                    /s/ Katharine S. Hayden
                                     Katharine S. Hayden, U.S.D.J.